Wiíight, J.,
delivered the opinion of the Court.
The bill of exceptions which was made up at the trial term in November, 1858, omitted to state that it contained all the evidence used in the case. To be relieved from the consequence of this omission the defendant below, who lost the cause and whose business it was to see that the bill of exceptions was properly made out, at the July term, 1859, moved the Court for leave to amend the bill of exceptions by stating that the same, as signed, sealed, and made part of the record at the November term, 1858, contained all the evidence that was before the jury at the trial of the cause at said November term, at the same time proposing to the attorney of the plaintiff that he might insert any evidence before the jury and not included in said bill of exceptions. No further evidence was inserted, and the Court being of opinion that said bill of exceptions contained all the evidence before the jury at the trial of the cause, the amendment was made. To this the plaintiff excepted. In support of this practice we have been referred to the case of The State v. Reid, 1 Dev. & Batt. R. 381, and other decisions in the State of North Carolina. These authorities are not directly upon a case like this, and appear to me, in principle, to differ from it. They seem to relate to amendments, nunc pro tunc, allowed in the inferior court, after appeal or writ of error and transcript in the superior court being made to conform to them, they arc not open to inquiry in another court, either as to their propriety, or as to the periods at which they are made. The rule as stated by Judge Ruffin in the The State v. Reid, is that after a case has been transferred from one court to another, whether by appeal or change of venue, the court from which it has gone cannot proceed further in it. Whatever purports to be posterior to the loss of jurisdiction is, therefore, erroneous, and probably void. But the princi- *605 pie extends no farther. When the action of the court is not a subsequent adjudication, nor anything preparatory to an adjudication to be had in that court, but relates to iohat toas done in the cause ivhile in that court, there is a plain difference. No usurpation of authority then appears. The act purports to have been done while the court had jurisdiction; and as to the point of fact the statement cannot bo questioned by any other court. Every court is the exclusive judge of its own records, and is competent to make them speak the truth as to its own proceedings. Now this seems to me necessarily to relate to things done in the inferior court, the entry of which upon the records, was omitted, but not to things omitted to be done by the court altogether. Here the material statements in the bill of exceptions, that this was all the evidence, was not made, or ordered to be made at all, but so far as we can see, entirely escaped the court and the parties, until an appeal had been taken and the term had passed by an adjournment. Nor is anything to the contrary of this assumed in the amendment. But it is made because the court then, at the July term, 1859, was of opinion the bill of exceptions contained all the evidence.
But whatever may be the extent to which the decisions in North Carolina have gone, we understand our own adjudications to be decidedly against the exercise of the authority taken by the Circuit Judge. Staggs v. The State, 3 Hum., 372-375; Farrell v. Alder, Adm’r, 2 Swan, 77.
The bill of exceptions then, not being full, the chief part of the argument for the plaintiff in error loses its effect. It cannot be assumed that the plaintiff below had shown no title to the land in dispute, either by a regular chain of conveyances, or twenty years’ possession ; but, on the contrary, in support of the verdict, we will presume that there was evidence, other than that copied into the transcript, which established a perfect title in the plaintiff. 1 Meigs’ Dig. 124. And if need be, we must also presume that this evidence not only showed a valid paper title from the buckeye, north, as claimed by the plaintiff, but also that this line had been actually marked and established.
*606 The charge of the Circuit Judge is complained of; but after a careful consideration of it. especially in reference to what wo must ta.ke the facts in the case to be, we have been unable to detect any error in it. After stating to the jury that upon principle and consulting the convenience of mankind, a line called for and described, cither in a grant or deed, as a common boundary of adjacent tracts, might be iixed by the verbal agreement of the parties whoso common lino it is, and that this might bo done by express testimony, or by circumstances from which it is inferable; that some of these are long acquiescence of both parties, and frequently speaking of this limit as the boundary between them, he proceeds to say, that if the line, or course north from the buckeye, was not originally the true line, and its locality was uncertain, it might be established at that point by such acts and acquiescence. It is this latter part of the charge which is questioned. But it seems to us to be supported by Lewallen v. Overton, 9 Hum., 76; also authorities in 1 Meigs’ Dig., 153. If further or other instructions were desired as to another line they should have been demanded of the court. Until then, the omission to charge as to tiie lino further east, if the fact be so, could not put the court in error.
Wo understand, that for the purpose of ascertaining the true line of a disputed and uncertain boundary between adjacent tracts, the acts and declarations of the former owners and proprietors, which took place and were made during such ownership, especially if accompanied with possession, conducing to establish the common line, are admissible as original evidence. 1 Meigs’ Dig., 151, 152, 153. This is so,.whether they be dead or alive, admissible or inadmissible as witnesses in the controversy. They do not stand upon the same footing as the declarations of third persons. 2 Dev. & Batt., R., 241. Then there is no error as to this matter.
Neither are we able to see that the Circuit Judge erred in permitting the deposition of James R. Cheek to be read, *607 even under the law as laid down in Reed v. Shenck, 2 Dev. 415; certainly not under our own decisions, and especially when the very general description of the land, embraced in E. Cheek’s deed, is considered. The object was to identify the land included in the deed and which had been purchased by the plaintiff in error.
We therefore affirm the judgment of the Circuit Court, and do so the more cheerfully because, from the record before us, we are satisfied the merits of the case have been reached.